**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Shaffer, ) | No. CV-03-2344-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| State of Arizona Citizens Clean Election ) Commission, et al., ) | |
| Defendants. ) | |

    Matthew Shaffer worked for the State of Arizona Citizens Clean Election Commission ("CCEC"). Colleen Connor was his supervisor. A dispute arose within the CCEC over the accuracy of accounting disclosures by Matt Salmon's gubernatorial campaign, and the accuracy of Shaffer's analysis of those disclosures. The dispute blossomed, and Connor instructed Shaffer not to speak publically about the underlying issues, fired him, and accused him of violating A.R.S. § 13-2311, a felony fraud statute.

    Shaffer filed this action for wrongful termination, defamation, false light, negligent retention, violation of his Fourteenth Amendment rights, violation of his First Amendment rights, and intentional interference with contractual relations. He prevailed on his defamation claim against the CCEC and Connor and on his Fourteenth Amendment claim against Connor. The jury awarded him $1,100,000 in damages. Pursuant to our order dated January 19, 2006, he accepted a remittitur to $660,000.

We now have before us Shaffer's motion and supplemental motion for the award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 (docs. 142 and 168), the memorandum in support of the motions, the response, and the reply. Although Shaffer did not prevail on most of his claims, defendants concede that he is the prevailing party and therefore is entitled to fees pursuant to § 1988. Defendants contend, however, that Shaffer's request is unreasonable.

Section 1988 attorneys' fees analysis begins with the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir. 1990). Shaffer contends that the lodestar amount is $277,335.50.

That figure is based on an unreasonable number of hours. Shaffer's request of $30,363 for 104.7 hours for the attorneys' fees motion practice alone is plainly excessive, and draws into question the reasonableness of the balance of his attorneys' fees. Moreover, many entries in Shaffer's itemized statement of attorneys' fees lack the specificity required by LRCiv 54.2(e), which prevents us from assessing their reasonableness. And Shaffer impermissibly requested fees for 7.6 hours of media communications.[1] For these reasons, we reduce Shaffer's request by 20 percent to $221,868.

Defendants contend that Shaffer's request must be further reduced because it is based upon an unreasonable hourly rate. We disagree. A fee award should be based upon the reasonable hourly rate in the forum community for lawyers with the experience, skill, and reputation of the lawyer requesting the fees. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Shaffer based the lodestar amount on the rate of $290 per

---

[1] The entries related to media communications lack sufficient specificity and therefore we have no means by which to evaluate whether the services relate to substantive elements of Shaffer's claims or merely to publicity. To be compensable, media communications must be "directly and intimately related to the successful representation of a client." Davis v. City and County of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992), vacated in unrelated part, 984 F.2d 345 (9th Cir. 1993). Here, mere publicity does not satisfy this standard.

hour, which is within the prevailing rate for lawyers with comparable skill and experience in Phoenix.[2]

The lodestar amount can be reduced where, as here, a plaintiff achieves success on only some of his claims. See Hensley, 461 U.S. at 434, 103 S. Ct. at 1940. Reduction requires a two-part analysis. "First, [we] ask[] whether the claims upon which the plaintiff failed to prevail were related to plaintiff's successful claims. . . . [If related, we] evaluate[] the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' If the plaintiff obtained 'excellent results,' full compensation may be appropriate . . . ." Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting Hensley, 461 U.S. at 435, 103 S. Ct. at 1940).

Relatedness is an imprecise concept that is more easily described than defined. "[R]elated claims will involve 'a common core of facts' or will be based on related legal theories, while unrelated claims will be 'distinctly different,' and based on different facts and legal theories." Thorne, 802 F.2d at 1141 (quoting Hensley, 461 U.S. at 434-35, 103 S. Ct. at 1939-40). Unrelated claims are intended to remedy "entirely distinct and separate . . . course[s] of conduct." Id. (quoting Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1279 (7th Cir. 1983)). Relevant considerations include "whether the unsuccessful claims were presented separately, whether testimony on the successful and unsuccessful claims overlapped, and whether the evidence concerning one issue was material and relevant to the other issues." Id. (citations omitted).

Contrary to defendants' contention, Shaffer's claims are all related. They arose out of a common core of operative facts relating to defendants' handling of Shaffer's analysis of the Salmon disclosures, and are separate but related legal theories intended to rectify related harms. Due to the overlap, counsel's legal research and fact gathering roles cannot be divided on a claim-by-claim basis.

---

[2] Defendants disagree, contending that the best evidence of the reasonable market rate is the contract rate of $250 per hour. However, the contract rate is for the greater of $250 per hour or 40% of all sums awarded. Shaffer's Memorandum, Ex. B at 1.

- 3 -

Moreover, Shaffer achieved excellent results overall. He was awarded $1,100,000 by the jury, an amount defendants described as "whopping" and "excessive." <u>Motion for Remittitur</u> at 8-9. The remitted award of $660,000 is also quite excellent, and represents a recovery of over $800 per hour reasonably expended on the litigation.[3] Because Shaffer's claims are related and the results are excellent, the lodestar amount need not be reduced.

Therefore, **IT IS ORDERED GRANTING** plaintiff's motion for the award of attorneys' fees and expenses, as supplemented (docs. 142, 168) and **AWARDING** him $232,552, which is composed of $221,868 for attorneys' fees and $10,684 in reasonable expenses arising from or related to the claims upon which Shaffer prevailed.

DATED this 16th day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[3] Defendants suggest that Shaffer only partially succeeded because "he succeeded on less than 17 percent (2 of 12) of his claims." <u>Response</u> at 3. The Supreme Court explicitly rejected defendants' arithmetic approach. <u>Hensley</u>, 461 U.S. at 435 n. 11, 103 S. Ct. at 1940 n.11.